Houssam Eddine Hamrit
Plaintiff - Pro se
717 D St NW, Suite #300
Washington DC, 20004, USA
houssam.hamrit@gmail.com
+1 (202) 600 6309

12 April 2023

**BY ECF**
The Honourable John P. Cronan,
U.S.D.J. United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12 D
New York, New York 10007

**Re:   Hamrit v. Cititgroup Global Markets, Inc. et al. Case No. 22-cv-10443 (JPC):**
   <u>**Plaintiff's Reply to Defendants' Pre-Motion Letter filed on 10 April 2023.**</u>

Dear Judge Cronan:

I write in response to the pre-motion letter that counsel for Citigroup Global Markets, Inc., Citi Personal Wealth Management, and Citigroup, Inc. ("Defendants") filed on 10 April 2023.

I wish to emphasize the following:

1. Defendants are in default for failing to respond to the Complaint by 8 Aril 2023. I intend to submit a pre-motion letter to the Court, pursuant to Your Honour's Individual Practice Rule 6, to notify the Court of my intention to file a motion for default judgement based upon Defendants' failure to respond to the Complaint by 8 April 2023 as ordered by Your Honour on 28 February 2023. I intend to file this pre-motion letter by 17 April 2023. On this basis, I request that the Court refrain from granting Defendants' request to file a motion to compel arbitration until after the Court rules on my pre-motion letter to file a motion for default judgement. In this way, we can initially address the potentially dispositive issue of Defendants' default.

2. With respect to the Defendant's pre-motion letter filed on 10 April 2023, my response is as follows:

    a. As the Defendant's well know, I filed my Complaint with this Court because there is no binding arbitration agreement between me and the Defendants based on the brokerage account that the Defendants opened in my name and not on my initiative. I have repeatedly explained this point to the Defendants prior to commencing litigation and requested, even pleaded, on numerous occasions that the Defendants provide me with

    proof/verification that I completed and signed Account Application and Client Agreement containing the referenced arbitration clause. I never received this proof/verification. Even to date, Defendants have failed to attach to Defendants' pre-motion letter a copy of the Account Application and Client Agreement that Defendants wrongfully allege I signed.

b. Additionally, Defendants reference numerous court decisions in its pre-motion letter addressing the enforceability of arbitration clauses in party-signed contracts. These decisions do not apply here because there is no such party-signed arbitration agreement between me and the Defendants and, consequentially, there is no agreement to arbitrate. As the Defendants should know, any arbitration agreement must fulfil certain conditions to enforcement, which are clarified under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of 1959 (the "New York Convention") in relevant part as follows:

    i. the agreement is in writing,
    ii. it deals with any existing or future disputes in connection with a defined legal relationship, whether contractual or not,
    iii. it concerns a matter capable of settlement by arbitration,
    iv. the parties to the arbitration agreement have legal capacity under the law applicable to them.

These conditions do not exist here. I never saw nor knew about the Account Application and Client Agreement when the brokerage account was opened. There is no binding arbitration agreement between me and the Defendants.

c. As stated above, I request that this Court refrain from granting Defendants' request to file a motion to compel arbitration at this time pending the Court's decision on my pre-motion letter to file a motion for default judgment. Defendants were served with the Summons and Complaint in this matter on 15 February 2023 and have had until 8 April 2023 (52 days) to file their 2 page letter in response, which they failed to do on time.

d. Should this Court at any time permit the Defendants to file a motion to compel arbitration, I object to Defendants' proposed briefing schedule as unfair given the balance of resources between the parties. I propose that (i) Defendants be allowed no more than 20 days from the date of this Court's approval to file a motion to compel arbitration, (ii) I be allowed 60 days to file an opposition, and (iii) Defendants be allowed 10 days to file any reply they may have.

Respectfully submitted,

                                            Houssam Eddine Hamrit

Cc:    Bruce S Goodman (By ECF)



Defendants shall file their motion by May 1, 2023. Plaintiff shall file his response by June 1, 2023. Defendant shall file their reply, if any, by June 22, 2023.

Per the Court's Individual Rules and Practices in Civil Cases, Defendants' pre-motion letter stayed their obligation to respond to the Complaint by April 8, 2023. Defendants are therefore not in default.

The Clerk of Court is respectfully directed to close the motion pending at Docket Number 17.

SO ORDERED.

Date: April 14, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge