# ZEICHNER ELLMAN & KRAUSE LLP

730 THIRD AVENUE
NEW YORK, NEW YORK 10017
TEL: (212) 223-0400

BRUCE S. GOODMAN
(212) 826-5357
bgoodman@zeklaw.com

WWW.ZEKLAW.COM

June 7, 2024

**BY ECF**

Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, New York 10007

**Hamrit v. Citigroup Global Markets, Inc., et al.**
**Case No. 22-cv-10443 (JPC)**

> If Plaintiff is withholding documents as described by Defendants, he shall provide Defendants with a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5) and Local Rule 26.2 by June 24, 2024. The Clerk of Court is respectfully directed to close Docket Number 62.
>
> SO ORDERED.
> Date: June 10, 2024
> New York, New York
>
> _/s/ John P. Cronan_
> JOHN P. CRONAN
> United States District Judge

Dear Judge Cronan,

      We represent defendants Citigroup Global Markets, Inc., Citi Personal Wealth Management, and Citigroup, Inc. (collectively "**Citigroup**") in the referenced action. We write pursuant to Your Honor's Individual Practice Rule 5.C to address a discovery dispute that has arisen relating to plaintiff's responses to Citigroup's First Request for the Production of Documents (the "**Citigroup Document Demands**").

      Citigroup Document Demand Nos. 13-15 seek production of (i) documents provided to, relied on, or prepared by plaintiff's expert Larry Stewart in connection with Declaration of Larry Stewart, dated June 28, 2023, and the Reply Declaration of Larry Stewart, dated September 21, 2023, (ii) communications between Plaintiff and Mr. Stewart including, without limitation, those concerning Mr. Stewart's compensation, the facts or data plaintiff provided and which Mr. Stewart considered in forming his opinion as set forth in the Stewart Declarations, or assumptions plaintiff provided and which Mr. Stewart relied on in forming his opinion as set forth in the Stewart Declarations, and (iii) documents concerning reports prepared by or opinions received from Mr. Stewart.

      Plaintiff objected to producing the requested documents asserting "that the requested documents are except [sic] from discovery on the basis of the Work Product privilege [sic], and include written communications authored by and exchanged between me and Mr. Stewart during the months of June and September 2023." The only document plaintiff produced is titled "Expert Witness Retainer Agreement," and it is heavily redacted.

      By email dated June 4, 2024, I informed plaintiff that his objections were improper and demanded he produce responsive, unredacted documents. It is doubtful that as a non-attorney plaintiff can assert the work-product doctrine as an objection to producing communication between him and Mr. Stewart. See Jacobson Warehouse Co. v Prestige Brands, Inc., 2022 U.S. Dist. LEXIS 92436, at *7 (S.D.N.Y. May 23, 2022)

NEW YORK | CONNECTICUT | NEW JERSEY | WASHINGTON, D.C. | TEL AVIV

ZEICHNER ELLMAN & KRAUSE LLP

Honorable John P. Cronan
June 7, 2024
Page 2

("[C]ourts have determined that communications between testifying experts and non-attorneys that do not include counsel are not entitled to the broad protections from disclosure afforded by Rule 26(b)(4)(C)); Heard v. Statue Cruises LLC, 2020 U.S. Dist. LEXIS 47021 (S.D.N.Y. March 18, 2020) ("Nor does the work product doctrine protect communications between experts in which no attorney is involved.)

Plaintiff responded by email dated June 5, 2024, reaffirming his objections. However, it was unclear from plaintiff's response whether he was withholding documents or had produced all documents responsive to the demands notwithstanding his objections. Accordingly, by email dated June 6, 2024, I requested his clarification.  I wrote "[a]re you withholding from production any documents otherwise responsive to Request Nos. 13-15 on the ground of work-product doctrine?  If so, pursuant to Fed. R. Civ. P. 26(b)(5), identify each document or communication you have withheld, the individuals who were parties to the communication, and provide sufficient detail to permit a judgment as to whether the document is protected from disclosure…[a]lternatively, if you are not withholding any responsive documents, please say so."

Plaintiff's response was ambiguous and failed to clarify whether he was withholding documents, including the "written communications authored by and exchanged between me and Mr. Stewart during the months of June and September 2023" identified in his response to the Citigroup Document Demands.  By email dated June 7, 2024, plaintiff stated "I have in good faith, produced all documents responsive to the Citigroup Defendants' production requests. I have asserted appropriate and applicable privileges to preserve my rights… [i]n a further good faith effort to accommodate your demands, I will again review my files and revert, if necessary, with information that falls within the requirements of Fed. R. Civ. P. 26(b)(5)."

Accordingly, we respectfully request the Court's intervention to resolve this discovery dispute by directing plaintiff to state whether he is withholding documents from production based on the work-product doctrine, including "written communications authored by and exchanged between me and Mr. Stewart during the months of June and September 2023" plaintiff identified.  If so, plaintiff should directed to provide a privilege log identifying each withheld document or communication, the individuals who were parties to the communication, and provide sufficient detail to permit a judgment as to whether the document is protected from disclosure.  We further respectfully request that plaintiff be directed to produce an unredacted copy of the "Expert Witness Retainer Agreement" with Mr. Stewart.

Respectfully submitted,
/s/ *Bruce S. Goodman*
Bruce S. Goodman

cc: Houssam Eddine Hamrit (by ECF)