UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| **HOUSSAM EDDINE HAMRIT,** | |
| Plaintiff | **Case No.: 22-CV-10443 (JPC)** |
| -against- | |
| **CITIGROUP GLOBAL MARKETS, INC., CITI PERSONAL WEALTH MANAGEMENT, and CITIGROUP, INC.** | |
| Defendants. | |

---

## MOTION FOR PARTIAL RECONSIDERATION
## OF THIS COURT'S JULY 22 2024 ORDER.

Plaintiff Houssam Eddine Hamrit submits this Motion for Partial Reconsideration of this Court's July 22, 2024, pursuant to Fed. R. Civ. P. 60 (a) and. (b) and Local Rules 6.2 and 6.3, seeking reconsideration of this Court's July 22, 2024 discovery order requiring Citigroup Global Markets, Inc., Citi Personal Wealth Management, and Citigroup, Inc. (hereinafter the "Citigroup Defendants") to produce documents responsive to Houssam Eddine Hamrit's Request for Defendants' Production of Documents ("Hamrit's Production Request") See Attached.

### STATEMENT

On July 8, 2024, I submitted to this Court a Pre-Motion Letter to address a discovery dispute that has arisen regarding the Citigroup Defendants response to Hamrit's

Production Request. In particular, I identified for the Court that the Citigroup Defendants had failed to produce all documents in response to Hamrit's Production Request; in particular, Hamrit's Production Request No. 1 requests that the Citigroup Defendants produce ***"[a]ll documents relating or pertaining to the opening of the C29 Account Application and Client Agreement allegedly signed by me"***. Hamrit's Production Request specifically defines **"Documents"** to include, in relevant part: ***"any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; minutes of meetings; conferences, and telephone or other conversations or communications; …".*** Hamrit's Request No. 1 concerned ***"all documents relating or pertaining to…"*** and not to ***"all documents allegedly signed by me relating or pertaining to…"***.

As the Court well knows, the core issue in this litigation is whether I signed the Account Application and Client Agreement; I have maintained throughout this litigation that I never signed this Account Application and Client Agreement although the Citigroup Defendants allege that I did so. I refer the Court to its Opinion and Order, dated March 26, 2024, where the Court found that ***"Hamrit unequivocally insists that he never signed that agreement and offers some corroboration for that assertion"*** and that ***"[t]he threshold question in resolving Citigroup's motion is whether Hamrit signed the Client Agreement and thus entered into a valid arbitration agreement."***. It is clear, and the Court well knows, that the only document in this litigation that I steadfastly have maintained that I *allegedly* signed is the C29 Account Application and Client Agreement.

In its Order, dated July 22, 2024, the Court stated:

> "***As the Court reads it, and mindful of Plaintiff's pro se status, that request did not solely demand account opening documents but rather any***

> *documents signed by Plaintiff that related to the account opening, including subsequent correspondence about the account opening that was signed by Plaintiff…".*

The above-quoted passage from the Court's July 22, 2024 Order misread Hamrit's Discovery Request No. 1 by misplacing the emphasis of "all documents relating or pertaining to ***the C29 Account Application and Client Agreement allegedly signed by me"*** to "***all documents signed by me relating or pertaining to*** the C29 Account Application and Client Agreement."

## **LEGAL STANDARD**

"A motion for reconsideration should be granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). This standard is "strict," and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995).

Fed. R. Civ. P. 60 states in relevant part:

> ***"Rule 60. Relief from a Judgment or Order***
>
> **(a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do soon motion or on its own, with or without notice…**
>
> **(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a**

*party or its legal representative from a final judgment, order, or proceeding for the following reasons:*

*(1) mistake, inadvertence, surprise, or excusable neglect;*

## CONCLUSION

The Court's July 22, 2024 Order misreads the clear and unambiguous intent of Hamrit's Discovery Request No. 1. The result of this mistake will result in only the production of documents that I signed and not "all documents relating or pertaining to the C29 Account Application and Client Agreement". It is my position that this mistake in the July 22, 2024 Order is harmful error to the extent that it will greatly reduce the scope of documents to which I am entitled, and which was the intent of Hamrit's Production Request No. 1.

I respectfully request that this Court grant this Motion for Partial Reconsideration and correct the error in its July 22, 2024 Order by revising its wording and ordering the Citigroup Defendants to produce "all documents relating or pertaining to the C29 Account Application and Client Agreement…".

Dated: 30 July 2024

Houssam Eddine Hamrit

Cc: Bruce S. Goodman, Esq. (By ECF)

The motion is denied. Plaintiff's re-reading of his discovery request omits the phrase "allegedly signed by me," which modified the remainder of the request. The only aspect of the request not included in the Court's prior order was "allegedly"; this omission would not have affected Defendants' response since, as Plaintiff points out, it is Defendants position that he signed the relevant documents. The Clerk of Court is respectfully directed to close Docket Number 73.

SO ORDERED.
Date: August 5, 2024
New York, New York

JOHN P. CRONAN
United States District Judge