```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
HOUSSAM EDDINE HAMRIT,                                           :
                                                                 :
                        Plaintiff,                               :
                                                                 :       22 Civ. 10443 (JPC)
           -v-                                                   :
                                                                 :              ORDER
CITIGROUP GLOBAL MARKETS, INC., et al.,                          :
                                                                 :
                        Defendants.                              :
                                                                 :
-----------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

The Court is in receipt of Plaintiff Houssam Eddine Hamrit's letter dated August 19, 2024, Dkt. 79 ("Pl. Ltr."), raising various outstanding discovery requests, and Defendants' response from earlier today, Dkt. 81 ("Defts. Ltr."). In his letter, Plaintiff "request[s] the Court's intervention to resolve this discovery dispute by either directing the Citigroup Defendants to produce all relevant documents responsive to Hamrit's Production Request and, if a privilege is asserted, to provide a privilege log." Pl. Ltr. at 2. For the following reasons, the Court denies Plaintiff's request to order Defendants to make further productions or, in the alterative, to provide a privilege log.

Under Federal Rule of Civil Procedure 26(b)(1), a party

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Further, "[a]lthough not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Blagman v. Apple, Inc.*, No. 12 Civ. 5453 (ALC) (JCF), 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014) (internal quotation marks omitted) (quoting *Chen-Oster*

*v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013)). "Relevant information need only be reasonably calculated to lead to the discovery of admissible evidence." *Cordova v. EmblemHealth*, No. 22 Civ. 2933 (JHR), 2024 WL 1328380, at *2 (S.D.N.Y. Mar. 28, 2024) (citing Fed. R. Civ. P. 26(b)).

Defendants have represented that, since the date of Plaintiff's letter, they have produced documents responsive to Request No. 10 and that Plaintiff has acknowledged receipt of that production. Defts. Ltr. at 1-2 & n.1. Plaintiff's request to compel production of materials responsive to Request No. 10 is thus denied without prejudice as moot. Given this production, and in the absence of any basis for sanctions, Plaintiff's suggestion that the Court impose sanctions on Defendants, Pl. Ltr. at 2, is denied as well. Further, Plaintiff's request for a privilege log, *id.* at 2-3, is denied as unnecessary because, as previously noted, Dkt. 69, Defendants have disavowed withholding materials based on privilege.

This leaves the various items listed in the attachment to Plaintiff's letter that he contends have not been produced by Defendants in response to his production requests. *See* Pl. Ltr. at 7-13. Having reviewed those requests and Defendants' response, *see* Defts. Ltr. at 2-4, the Court finds that no relief is warranted, largely based on the representations and reasons articulated by Defendants. As to those requests that properly fell within the scope of the limited discovery authorized—*i.e.*, discovery on the issue of whether Plaintiff entered into an arbitration agreement with Defendants, *see* Dkt. 57—counsel for Defendants has represented that Defendants either have produced responsive requests or are not in possession, custody, or control of documents that would be responsive. As for Plaintiff's remaining requests that have not, in Plaintiff's eyes, received a sufficient response, those requests were not reasonably calculated to lead to the discovery of admissible evidence on the question of whether an agreement to arbitrate was reached, or otherwise

2

were overbroad and unduly burdensome.

Accordingly, Plaintiff's request that the Court order further production is denied.[1]

SO ORDERED.

Dated: August 26, 2024
       New York, New York

                                          JOHN P. CRONAN
                                          United States District Judge

---

[1] Plaintiff also requests that, "[i]f the Court deems it necessary," the Court schedule a telephonic conference to discuss these issues. Pl. Ltr. at 3. Given the Court's determinations in this Order, no conference is necessary. As previously scheduled, the parties shall appear for a final pretrial conference on October 15, 2024, at 4:00 p.m.

3