# Zeichner Ellman & Krause LLP

730 THIRD AVENUE
NEW YORK, NEW YORK 10017
TEL: (212) 223-0400

Bruce S. Goodman
(212) 826-5357
bgoodman@zeklaw.com

WWW.ZEKLAW.COM

September 3, 2024

**BY ECF**

Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, New York 10007

**Hamrit v. Citigroup Global Markets, Inc., et al., Case No. 22-cv-10443 (JPC)**

Dear Judge Cronan,

We represent defendants Citigroup Global Markets, Inc., Citi Personal Wealth Management, and Citigroup, Inc. (collectively "**Citigroup**") in the referenced action. We write pursuant to Your Honor's Individual Rule 5.C to raise a discovery issue with the Court. Notwithstanding this Court's August 26, 2024 Order (the "**August 26 Order**"), Plaintiff continues to demand Citigroup produce documents that do not exist, Citigroup already produced, or this Court found to be irrelevant. We request that the Court direct Plaintiff to cease his abusive discovery tactics in demanding the production of these documents.

By letter dated August 19, 2024, Plaintiff requested this Court address a purported discovery dispute concerning his request that Citigroup's produce documents related to an account application for his personal checking and savings account with Citibank (the "**Personal Accounts**"), and other issues concerning Citigroup's responses to Plaintiff's document demands. [ECF No. 79]

By letter dated August 26, 2024, Citigroup explained it produced documents responsive to Plaintiff's request concerning the Personal Accounts on August 20, 2024. Citigroup further explained, "Citigroup did not, and could not, produce a signed account application for the Personal Accounts because such a document does not exist. Citibank informed me that, unlike for business accounts, it does not require a customer to complete a written account application to open a personal account. Rather, to open a personal account, a customer provides his information to a Citibank representative, the representative inputs the information into Citibank's computer system, and the customer signs a signature card." Citigroup also responded in detail to discovery disputes Plaintiff's identified (the "**Citigroup August 26 Letter**"). [ECF No. 81]

By Order dated August 26, 2024, this Court denied Plaintiff's request to compel production relating to the Personal Accounts (the "**August 26 Order**"). The Court further held that Plaintiff was not entitled to any relief concerning the other purported

ZEICHNER ELLMAN & KRAUSE LLP

Honorable John P. Cronan
September 3, 2024
Page 2

discovery issues he raised for the reasons set forth in the Citigroup August 26 Letter. [ECF No. 82]

Notwithstanding the August 26 Order, Plaintiff continues to demand that Citigroup produce these documents. By letter dated August 28, 2024, Plaintiff again demanded Citigroup produced account applications for the Personal Accounts based on his "belief" that Citigroup has not produced all documents. By letter dated August 29, 2024, I advised Plaintiff these issues were "conclusively determined pursuant to the Order dated August 26, 2024."

Undaunted, by the letter dated August 29, 2024, Plaintiff again demanded Citigroup produce documents relating to account applications for the Personal Accounts (even though no such account application exists). Further, ignoring this Court's Order, Plaintiff demanded Citigroup produce the other documents Plaintiff identified in his August 19, 2024, letter. By letter dated September 2, 2024, Plaintiff demanded to meet and confer about these "issues."

Additionally, Plaintiff now demands Citigroup produce pages 1-2 and 4-8 of the Concierge Daily Report that Citigroup previously produced in connection with Plaintiff's demand for production documents related to the Personal Accounts. The Concierge Daily Report sets forth each account a branch opens on a particular day. The Personal Accounts that Plaintiff opened on July 9, 2019 appear on page 3 of the Concierge Daily Report for July 9, 2019 for the branch at which he opened them and that is what Citigroup produced. Pages 1-2 and 4-8 of the Concierge Daily Report concern the opening of other customers' accounts the branch opened that day, are completely unrelated to the Personal Accounts, and are therefore not responsive.

A meet and confer to address issues this Court conclusively determined by the August 26 Order would be futile. As this Court found, Plaintiff's complaints have been resolved, either because Citigroup produced all responsive documents, is not in possession of documents responsive to a request, or the request seeks documents which are neither relevant to any issue the Court must determine nor proportional to the needs of the case. Plaintiff seems to think that this Court's Order is meaningless and he can simply keep requesting documents until he is satisfied. Such conduct is an abuse of the discovery process and the narrow parameters this Court set in permitting limited discovery in connection with Citigroup's motion to compel arbitration.

ZEICHNER ELLMAN & KRAUSE LLP

Honorable John P. Cronan
September 3, 2024
Page 3

   Given Citigroup has fully and properly responded to Plaintiff's document requests, as found in the August 26 Order, it respectfully requests that the Court direct Plaintiff to cease making baseless discovery demands.

            Respectfully submitted,
            /s/ *Bruce S. Goodman*
            Bruce S. Goodman

cc: Houssam Eddine Hamrit (by ECF and email)

4874-8057-3404, v. 1

The parties are hereby ORDERED to appear before the undersigned by teleconference on September 5, 2024 at 1:30 p.m. to discuss this issue. At the scheduled time, counsel for Defendants and pro se Plaintiff should call (866) 434-5269, access code 9176261. Counsel for Defendants is directed to provide a copy of this Order to Plaintiff today by e-mail.

SO ORDERED.
Date: September 4, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge