**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**HOUSSAM EDDINE HAMRIT,**

                  **Plaintiff**

    -against-

**CITIGROUP GLOBAL MARKETS, INC.,**
**CITI PERSONAL WEALTH**
**MANAGEMENT, and**
**CITIGROUP, INC.**

                 **Defendants.**

---

**Case No.: 22-CV-1043 (JPC)**

 

**PLAINTIFF'S PRETRIAL STATEMENT**

I, Houssam Eddine Hamrit, Pro Se Plaintiff ("Hamrit") hereby submit my Pretrial Statement, pursuant to this Court Order, dated April 5, 2024, and in accordance with Rule 7.A of the Court's Individual Rules and Practices for *Pro Se* Litigants in connection with the bench trial (the "Bench Trial") to be held on October 22, 2024 by and between myself and Citigroup Global Markets, Inc., Citi Personal Wealth Management, and Citigroup, Inc. (hereinafter the "Citigroup Defendants").

## I.    PRELIMINARY STATEMENT

I commenced the instant proceeding to recover my losses resulting from a malfunction of the Citigroup Defendants online trading mobile application and to challenge the validity of the C29 Account Application and Client Agreement (the "Account Application"). The sole issue to be resolved during the pending Bench Trial is, as this Court stated in its Opinion and Order, dated March 26, 2024, "…whether Hamrit entered into an arbitration agreement". Opinion and Order, at pg. 17. The Court reaffirmed this issue during the April 3, 2024 teleconference and as memorialized in its April 5, 2024 Order by confirming that "the Court will allow the parties to undertake limited discovery on the issue of whether the Plaintiff entered into an arbitration agreement with Citigroup…". Thus, the "narrow" issue before the Court is whether I entered into an arbitration agreement with the Citigroup Defendants. Framed in this way, the narrow issue is whether the arbitration clause in the Account Application is a valid and enforceable arbitration agreement binding upon me. Through my testimony and the expert testimony of Mr. Larry Stewart, I will

iii

unquestionably prove that the arbitration provision in the Account Application is invalid and unenforceable against me because I never signed such an agreement. My evidence at the Bench Trial will focus principally on this "narrow" issue. For the purposes of this Pretrial Statement, I wish to identify the following facts that I will prove at the Bench Trial..

### A.    I NEVER SIGNED THE ACCOUNT APPLICATION

1. I was solicited to participate in the Citi Personal Wealth Management ("CPWM") program when I was solicited to do so by my relationship manager at the Citibank branch where I maintained my personal account. This relationship manager was Mr. James Riotta.

2. I "**never** completed any form of application to participate in this CPWM program and never knew that an application to join the program was necessary.

3. I **never** provided any of my personal details or other information to either Mr. Riotta or Mr. Randall with respect to the CPWM program.

4. I never authorized my relationship manager or anyone else to complete the Account Application on my behalf.

5. The Account Application contains numerous abnormalities and defects that render it impossible to be a document I prepared. These include:

- Incorrect immigration status,
- Incorrect mother's maiden name,
- Incorrect residential address,

iv

- Incorrect annual income,

- Incorrect company status,

- Incorrect investor knowledge and experience,

- Completed "Internal Use Only" information that should not be included in a document that I authored.

-  Tampered signature and date

6. Exhibit B to the Declaration of Frank Consalo is an internal record that the Citigroup Defendants apparently maintain that is not proof of an electronic signature and which contains material defects.

7. The "FinTech" system utilized by the. Citigroup Defendants in 2020, never verified the identity of the client.

8. I was never provided with an encryption key for the Account Application.

9. The TMX Report that the Citigroup Defendants intend to submit at trial contains numerous anomalies that render this Report inconclusive evidence of my having signed the Account Application.

### B.    I NEVER SIGNED AN ARBITRATION AGREEMENT NOR AGREED TO ARBITRATION WITH THE CITIGROUP DEFENDANTS

1. Regarding the Arbitration Agreement that the Citigroup Defendants assert binds me, there was no "meeting of the minds" and "manifestation of mutual assent" over the mandatory obligation to arbitrate all claims and forego the right to adjudicate before a court of my choosing.

v

2. The Account Application makes general reference to the misidentified "pre-dispute arbitration clause" and fails to meet the standard for a binding arbitration agreement.

## C. THE CITIGROUP DEFENDANTS HAVE FAILED TO PRODUCE EVIDENCE OF A SIGNED ARBITRATION AGREEMENT

1. The Account Application upon which the Citigroup Defendants rely is not an arbitration agreement because "solely makes general reference to another 'clause', misidentifies it as a 'pre-dispute arbitration clause' and fails to meet the standard for a binding arbitration agreement."

2. The designation "pre-dispute arbitration clause" is ambiguous and devoid of a clear meaning; it seems to imply that the clause is only applicable before a dispute arises and is inapplicable after the dispute occurs.

3. There is no signed arbitration agreement by and between me and the Citigroup Defendants in this proceeding, electronically signed or otherwise.

4. My typed name on the Account Application was a "cut and paste" action by the Citigroup Defendants and not a valid signing.

5. The Citigroup Defendants' procedures for securing a client's signature on a binding arbitration agreement are to electronically reproduce signatures—this procedure does not confirm the client's actual consent.

vi

## II.    EXHIBIT LIST

Attachment A identifies the documents that I intend to submit as exhibits during the Bench Trial.

## III.    WITNESS LIST

Attachment B identifies the witnesses that I will call to testify at the Bench Trial.

***I confirm under penalty of perjury that the statements contained in this Pretrial Statement are true and correct to the best of my knowledge and belief.***

Dated:  September 24, 2024

/s/ *Houssam E. Hamrit* (Electronically Signed)

_____

Houssam Eddine Hamrit