UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
  :
HOUSSAM EDDINE HAMRIT, :
  :
                    Plaintiff, :
  : 22 Civ. 10443 (JPC)
     -v- :
  : <u>ORDER</u>
CITIGROUP GLOBAL MARKETS, INC., *et al.*, :
  :
                    Defendants. :
  :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On December 9, 2024, Plaintiff filed a notice of interlocutory appeal from the Court's November 26, 2024 Opinion and Order granting Defendants' motion *in limine* and excluding the testimony of Larry F. Stewart. *See* Dkt. 113. As a general matter, the courts of appeal have jurisdiction over "appeals from all *final decisions* of the district courts of the United States." 28 U.S.C. § 1291 (emphasis added). "Known as the 'final judgment rule,' [S]ection 1291 'requires that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits.'" *United States v. Bescond*, 24 F.4th 759, 766 (2d Cir. 2021) (internal quotation marks omitted) (quoting *Flanagan v. United States*, 465 U.S. 259, 263 (1984)). A final judgment has not been entered in this case and the Court is currently awaiting post-trial briefing from the parties.

      "The number of exceptions to the final judgment rule must be rigorously limited, else the final judgment rule may become enervated, and the dockets of the courts of appeals, swamped." *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 139 (S.D.N.Y. 2007). A ruling on a motion *in limine* is not an appealable final decision, but instead an interlocutory order which merges with the Court's final judgment. *See, e.g.*, *Byrne v. Liquid Asphalt Sys., Inc.*, 250 F. Supp.

2d 84, 87 (E.D.N.Y. 2003). As such, the Second Circuit has refused to review the merits of a district court's decision on a motion *in limine* in an interlocutory appeal. *See Palmieri v. Defaria*, 88 F.3d 136, 139-41 (2d Cir. 1996).

There are two exceptions to the final judgment rule relevant here. First, a party may seek the district court's certification of a non-final decision for appeal under 28 U.S.C. § 1292(b). Section 1292(b) provides that "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order," and that the Court of Appeals then has discretion to permit an appeal from such an order if an application is made within ten day of the entry of the district court's written certification. 28 U.S.C. § 1292(b).

Plaintiff did not seek certification of the Court's November 26, 2024 Opinion and Order and the Court has not certified any issue for interlocutory appeal. Any motion for certification would also be without merit, as "[a] district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*" and "[m]oreover, '[a]ny possible harm flowing from a district court's *in limine* ruling . . . is wholly speculative'" given that the merits of the parties' dispute have not been adjudicated. *Ling Nan Zheng v. Liberty Apparel Co., Inc.*, No. 99 Civ. 9033 (RJS), 2009 WL 10699702, at *2 (S.D.N.Y. 2009) (internal quotation marks omitted) (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)).

Second, the collateral order doctrine "accommodates a small class of rulings, not concluding the litigation, but conclusively resolving claims of right separable from, and collateral to, rights asserted in the action," where such rulings are "too important to be denied review and

2

too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Will v. Hallock*, 546 U.S. 345, 349 (2006) (internal quotation marks and citations omitted). The Court is unaware of any authority holding that a ruling on a motion *in limine* like the Court's November 26, 2024 Opinion and Order qualifies for immediate appeal under the collateral order doctrine. Nor does such an order satisfy the Supreme Court's test for determining what kinds of rulings are eligible for interlocutory appeal under this doctrine. *See Ling Nan Zheng*, 2009 WL 10699702, at *4.

"As a general rule, once a notice of appeal has been filed, 'it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Kidder, Peabody & Co., Inc. v. Maxus Energy Corp.*, 925 F.2d 556, 564 (2d Cir. 1991) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)). But courts in this Circuit and others have repeatedly held that "[w]here a district court determines that an appeal of a [non-final order] is frivolous, the court may proceed . . . even in the face of an interlocutory appeal." *Palmer v. Gross*, No. 02 Civ. 5804 (HB), 2003 WL 22519454, at *1 (S.D.N.Y. Nov. 5, 2003) (collecting cases). "The Supreme Court has approved th[is] 'dual jurisdiction' approach as an appropriate method to deal with frivolous interlocutory appeals." *Davis v. City of New York*, No. 12 Civ. 3297 (PGG), 2018 WL 10070503, at *1 (S.D.N.Y. Dec. 14, 2018); *see Behrens v. Pelletier*, 516 U.S. 299, 310-11 (1996) ("[T]he District Court appropriately certified petitioner's immunity appeal as 'frivolous' . . . . This practice, which has been embraced by several Circuits, enables the district court to retain jurisdiction pending summary disposition of the appeal, and thereby minimizes disruption of the ongoing proceedings.").

Plaintiff's interlocutory appeal is frivolous for two reasons. First, as explained *supra*, there

3

is no apparent basis for the Second Circuit's appellate jurisdiction over the interlocutory appeal. Second, the Court has not yet issued its findings of fact and conclusions of law following the bench trial in which the testimony which was subject to the motion *in limine* was to be introduced. The Court could still find in Plaintiff's favor on the merits of the parties' dispute, in which case the Court's ruling on the motion *in limine* becomes a moot issue. In this situation, "a district court may certify [the filing of a notice of appeal] as 'frivolous' and continue pretrial and trial proceedings." *Ling Nan Zheng*, 2009 WL 10699702, at *5 (internal quotation marks omitted); *see In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d at 137 (deeming a notice of appeal "legally ineffective to divest the district court of its jurisdiction").

For the reasons stated above, this Court deems Plaintiff's notice of interlocutory appeal, Dkt. 113, as frivolous and legally ineffective to divest it of its jurisdiction over this case. The parties' post-trial briefing remains due as scheduled.

SO ORDERED.

Dated: December 10, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge