UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HOUSSAM EDDINE HAMRIT,

                Plaintiff,

                              22 Civ. 10443 (JPC)

    -v-

                              ORDER

CITIGROUP GLOBAL MARKETS, INC., *et al.*,

                Defendants.
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

    On April 22, 2025, the Court issued its Findings of Fact and Conclusions of Law in this matter and granted Citigroup's motion to compel arbitration. Dkt. 121. The Court's decision provided that "[t]he parties are ordered to commence arbitration before FINRA within sixty days of the filing of this Opinion and Order," and further directed the parties to "file a joint status letter with the Court within two weeks following the completion of the arbitration." *Id.* at 32.

    On April 30, 2025, Plaintiff Houssam Eddine Hamrit, proceeding *pro se*, filed a notice of interlocutory appeal (his second in this case) of several of the Court's rulings, including the Court's April 22, 2025 decision. Dkt. 123. As the Court previously observed, a district court may continue to exercise jurisdiction over a case, even in the face of an interlocutory appeal, if it deems a notice of interlocutory appeal frivolous. *See* Dkt. 114 (explaining the relevant legal principles); *Behrens v. Pelletier*, 516 U.S. 299, 310-11 (1996) ("[T]he District Court appropriately certified petitioner's immunity appeal as 'frivolous' . . . . This practice, which has been embraced by several Circuits, enables the district court to retain jurisdiction pending summary disposition of the appeal, and thereby minimizes disruption of the ongoing proceedings.").

It is black-letter law that an order denying a motion to compel arbitration is immediately appealable under the Federal Arbitration Act ("FAA"). *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 738-39 (2023). But it is equally well-accepted that an order *granting* a motion to compel arbitration, like the Court's April 22 decision, is not immediately appealable, with limited exceptions not applicable here. *See* 9 U.S.C. § 16(b)(2); *Augustea Impb Et Salvataggi v. Mitsubishi Corp.*, 126 F.3d 95, 100 (2d Cir. 1997) ("Because the district court ordered arbitration to proceed pursuant to 9 U.S.C. § 4 and stayed the action on the merits, its order compelling arbitration is not appealable under 9 U.S.C. § 16(b)(2)."). The Court's December 10, 2024 Order explains why the evidentiary rulings challenged by Plaintiff are similarly not subject to immediate appeal. *See* Dkt. 114 at 2-3. Accordingly, there is no apparent basis for appellate jurisdiction over Plaintiff's interlocutory appeal. *Accord id.* at 1 (explaining the operation of the final judgment rule).

The Court therefore certifies Plaintiff's second notice of interlocutory appeal, Dkt. 123, as frivolous and legally ineffective to divest the Court of its jurisdiction over this case. Neither party has moved for a stay of the Court's order that the parties commence arbitration before FINRA within sixty days of the date of the Court's Findings of Fact and Conclusions of Law. The parties are therefore reminded that they are still obliged to commence arbitration in this matter, per prior order of the Court. The parties are further ordered to submit a joint status letter to the Court by June 23, 2025, indicating whether arbitration has begun.

SO ORDERED.

Dated: May 1, 2025
      New York, New York

_____
JOHN P. CRONAN
United States District Judge