UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
          :
HOUSSAM EDDINE HAMRIT,          :
          :
         Plaintiff,          :
          :     22 Civ. 10443 (JPC)
     -v-          :
          :     <u>ORDER</u>
CITIGROUP GLOBAL MARKETS, INC., *et al.*,  :
          :
         Defendants.          :
          :
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On May 7, 2025, Plaintiff Houssam Eddine Hamrit, proceeding *pro se*, filed a pre-motion letter in accordance with the Court's Individual Civil Rule 6.A, seeking leave to file a motion to stay the Court's April 22, 2025 order directing the parties to commence arbitration before FINRA within sixty days of the date of the Court's Findings of Fact and Conclusions of Law. Dkt. 126. Plaintiff requested a stay to allow him to pursue an interlocutory appeal of several of the Court's decisions in this case. *See id.* at 1. The parties have consented to the Court ruling on Plaintiff's motion for a stay without further briefing than Plaintiff's pre-motion letter. Dkt. 130. The Court therefore construes Plaintiff's pre-motion letter, Dkt. 126, as a motion for a stay of the Court's April 22, 2025 Order.

"On a motion to stay the effect of a district court's order, the court considers four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Ludwigson v. Roman Catholic Diocese of Brooklyn*, 117 F. Supp. 3d 170, 172

(E.D.N.Y. 2015).  The Court is obliged to construe *pro se* filings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted).

Plaintiff's motion for a stay is denied.  As the Court's May 1, 2025 Order explains, *see* Dkt. 124 at 2, the Federal Arbitration Act ("FAA") specifically provides that an order granting a motion to compel arbitration is not immediately appealable. *See* 9 U.S.C. § 16(b)(2).  Accordingly, there is no apparent basis for the Second Circuit's appellate jurisdiction over Plaintiff's second interlocutory appeal, and therefore Plaintiff has not shown a likelihood of success in his interlocutory appeal.

Nor does the Court see a risk of irreparable harm to Plaintiff in compelling arbitration at this juncture.  At bottom, Plaintiff's argument in this regard largely questions the wisdom of the policy choice that Congress made in the FAA.  *See* Dkt. 126 at 2-3 (arguing, *inter alia*, that proceeding to arbitration prior to obtaining appellate review of an order compelling arbitration would be costly and prejudicial).  But Congress explicitly chose to structure the FAA in such a manner that it has a "policy favoring arbitration agreements and [a] goal of moving the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible," and therefore the FAA "generally permits immediate appeal of orders hostile to arbitration, whether the orders are final or interlocutory, but bars appeal of interlocutory orders favorable to arbitration." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 85-86 (2000) (internal quotation marks omitted and alteration adopted).  Granting Plaintiff a stay would effectively "confer appellate rights expressly proscribed by Congress," and therefore undercut the express policy choice that Congress made in favor of arbitration.  *Katz v. Cellco P'ship*, 794 F.3d 341, 346

(2d Cir. 2015).

Insofar as Plaintiff would be harmed by proceeding to arbitration at this stage, any such injury was contemplated by the FAA and Congress deemed the countervailing interests in effecting arbitration agreements and conserving judicial resources to outweigh his harm. The Court therefore does not see Plaintiff's articulated harm as sufficient to stay arbitration. This policy choice also speaks to the injury that such a stay would cause Defendants in not effecting the parties' arbitration agreement and to the public interest in executing Congress's desired policy as set forth in the FAA. The Court concludes that all four factors therefore weigh in favor of denying a stay.

The parties remain ordered to commence arbitration before FINRA in accordance with the Court's April 22, 2025 Order. The parties are reminded that they have also been directed to file a joint status letter to the Court by June 23, 2025, indicating whether arbitration has begun. *See* Dkt. 124. The Clerk of Court is respectfully directed to close Docket Number 126.

SO ORDERED.

Dated: May 12, 2025
      New York, New York

                                                 JOHN P. CRONAN
                                     United States District Judge