UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                              :

HOUSSAM EDDINE HAMRIT,              :

                       Plaintiff,          :

                                :

              -v-                    :           22 Civ. 10443 (JPC)

                                :

CITIGROUP GLOBAL MARKETS, INC., *et al.*,    :             ORDER

                                :

                   Defendants.      :

                                :
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      The Court's April 22, 2025 Findings of Fact and Conclusions of Law granted Defendants'

motion to compel arbitration and ordered the parties to commence arbitration before the Financial

Industry Regulatory Authority ("FINRA") within sixty days, *i.e.*, by June 23, 2025.  *See* Dkt. 121

at 32.  The Court has repeatedly emphasized this deadline in the intervening weeks, most recently

on June 20, 2025.  *See* Dkts. 124, 129, 131, 137.

      Yesterday, the parties submitted four letters indicating to the Court that arbitration would

not commence by the June 23 deadline.  *See* Dkts. 138-141.[1]  The issue appears to be that Plaintiff

refused to file a claim against Defendants before FINRA because (1) he believes that Defendants,

as the movant in this action, should initiate the arbitration and (2) Plaintiff is concerned that if he

initiates the arbitration, his pending interlocutory appeal would be prejudiced.  *See* Dkt. 141 at 1-

2.  Neither ground excuses Plaintiff's failure to commence the arbitration proceedings as required

by the Court's orders.

---

[1] The Court notes that none of these submissions were the *joint* status letter required by the
Court's prior orders.

As Defendants point out, *see* Dkt. 138 at 1-2, Plaintiff has represented before the Second Circuit his awareness that he is required to initiate the FINRA arbitration. *See Hamrit v. Citigroup Glob. Mkts.*, No. 25-1142, Dkt. 33.1 (June 7, 2025). For example, Plaintiff has said that "[i]f no stay is granted, I will be required to initiate or participate in this arbitration on that date under protest," *id.* ¶ 2, "[w]ithout interim relief . . . I will be forced to commence an arbitration proceeding," *id.* ¶ 3, "I will be compelled to execute a Submission Agreement and pay the substantial filing fee," *id.* ¶ 4, and "I would be forced to commence, and consent to the commencement, of an arbitration over which I maintain my position that I never agreed to arbitrate with the Defendants-Appellees," *id.* These statements call into question the sincerity of Plaintiff's representations before this Court that he now believes it was Defendants, not Plaintiff, who were required to start the arbitration process. As Defendants informed Plaintiff, he is the party advancing a claim and thus must begin the arbitration process by filing and serving an initial statement of claim under FINRA Rule 12302(a). *See* Dkt. 138 at 4. Defendants are not claimants and therefore do not bear the responsibility of initiating an arbitration over claims which they do not bring.

Plaintiff attempts to justify his refusal to file a claim before FINRA by relying on three cases to support his contention that "under relevant authority, it is Defendants who must act diligently to initiate the very process they requested." *See* Dkts. 139 at 2, 141 at 1 (citing *Reynolds v. de Silva*, No. 09 Civ. 9218 (CM), 2010 WL 743510, at *6 (S.D.N.Y. Feb. 24, 2010); *Whitt v. Prosper Funding LLC*, No. 13 Civ. 3314 (LTS), 2015 WL 256094, at *5 (S.D.N.Y. Jan. 21, 2015); *Ortiz v. Ciox Health LLC*, 386 F. Supp. 3d 308, 314 (S.D.N.Y. 2019)). As Defendants point out, these cases are inapposite. *See* Dkt. 140 at 1. More problematically, Plaintiff cited in support of his refusal to commence arbitration a purported quotation from *Ortiz* which, so far as the Court

can tell, does not appear in that opinion. *See* Dkt. 139 at 2, 141 at 1 (quoting *Ortiz* for the proposition that "Ciox compelled arbitration, and it is Ciox that must initiate it."); *see also* Dkt. 140 (Defendants' response) at 1 ("The quotation [Plaintiff] attributes to the court appears nowhere in the opinion."). Such an issue raises concerns of Plaintiff's compliance with Federal Rule of Civil Procedure 11, particularly given that multiple orders of this Court have been flouted with Plaintiff relying on this quotation as justification. *See Park v. Kim*, 91 F.4th 610, 614-15 (2d Cir. 2024) (per curiam) ("At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely."); *accord Smith v. Educ. People, Inc.*, 233 F.R.D. 137, 142 n.9 (S.D.N.Y. 2005) ("It is well established that Rule 11 [of the Federal Rules of Civil Procedure] applies to *pro se* litigants.").

Plaintiff's second argument fares no better. As the Court has already explained, *see* Dkt. 137, the Second Circuit denied Plaintiff interim relief in its Order of June 2, 2025. *See* Dkt. 132 ("To the extent Appellant requests temporary relief pending referral to a motions panel, that request is DENIED."). Plaintiff did not obtain a stay of the arbitration proceedings from either this Court or the Second Circuit and was therefore required to arbitrate his claims in accordance with this Court's directives.

The Court will *sua sponte* extend the parties' deadline to commence arbitration before FINRA to June 27, 2025. The parties shall also file a joint status letter by June 30, 2025, indicating whether the arbitration has begun. If Plaintiff has not initiated the arbitration by June 27, 2025, the Court will order him to show cause why sanctions, including dismissal of this action with prejudice, should not be imposed for failure to comply with the Court's orders and/or for failure to prosecute.

SO ORDERED.

Dated: June 24, 2025
      New York, New York

JOHN P. CRONAN
United States District Judge