UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                 :

HOUSSAM EDDINE HAMRIT,                :

                          Plaintiff,          :

              -v-                      :      22 Civ. 10443 (JPC)

CITIGROUP GLOBAL MARKETS, INC., *et al.*,  :      OPINION AND ORDER

                     Defendants.  :

-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On June 30, 2025, the Court ordered Plaintiff Houssam Eddine Hamrit to show cause why this case should not be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b) following his refusal to commence arbitration in defiance of multiple Court orders. Dkt. 150 ("Order"). Plaintiff, proceeding *pro se*, responded to that Order on July 11, 2025, making clear that he does not intend to commence arbitration. Dkt. 151 ("Response"). For the following reasons, the Court dismisses this action with prejudice.

## I. Background

      The Court assumes the parties' familiarity with the background of this dispute as outlined in its March 26, 2024 Opinion and Order on the motion to compel arbitration brought by Defendants Citigroup Global Markets, Inc., Citi Personal Wealth Management, and Citigroup, Inc. (collectively, "Citigroup"). *See Hamrit v. Citigroup Glob. Mkts., Inc.*, No. 22 Civ. 10443 (JPC), 2024 WL 1312254, at *1-3 (S.D.N.Y. Mar. 26, 2024). In that Opinion and Order, the Court held Defendants' motion in abeyance pending a bench trial on the limited issue of whether the parties had entered a binding agreement to arbitrate. *Id.* at *9. On April 22, 2025, after that bench trial,

the Court concluded that the parties had entered into a valid and enforceable arbitration agreement, granted Citigroup's motion to compel, ordered the parties to commence arbitration before the Financial Industry Regulatory Authority ("FINRA") by June 23, 2025, and stayed this action pending the arbitration's completion. *Hamrit v. Citigroup Glob. Mkts., Inc.*, No. 22 Civ. 10443 (JPC), 2025 WL 1191014, at *14 (S.D.N.Y. Apr. 22, 2025).

Plaintiff has since made several attempts to appeal or stay this Court's order compelling arbitration because, he asserts, he cannot commence arbitration while maintaining his litigation position that he had never entered into an arbitration agreement. Response at 9. First, on April 30, 2025, Plaintiff filed a notice of interlocutory appeal (his second in this case) of several of the Court's rulings, including on the motion to compel arbitration. Dkt. 123. For various reasons, including that those rulings were not final judgments and the Federal Arbitration Act ("FAA") specifically provides that an order granting a motion to compel arbitration is not immediately appealable, *see* 9 U.S.C. § 16(b)(2), this Court certified on May 1, 2025, that Plaintiff's notice of interlocutory appeal was "frivolous and legally ineffective to divest the Court of its jurisdiction over this case." Dkt. 124 at 2. On June 25, 2025, the United States Court of Appeals for the Second Circuit dismissed Plaintiff's April 30 interlocutory appeal for lack of jurisdiction "because an order compelling arbitration is nonfinal." Dkt. 152 at 1.

Similarly, on May 7, 2025, Plaintiff moved this Court to stay its order compelling arbitration so that he could pursue an interlocutory appeal of several of the Court's decisions in this case, including its ruling on the motion to compel arbitration. Dkt. 126. On May 12, 2025, the Court denied that motion because, as the Court had previously advised Plaintiff, the FAA "specifically provides that an order granting a motion to compel arbitration is not immediately appealable," Dkt. 131 at 2 (citing 9 U.S.C. § 16(b)(2)), so Plaintiff had not shown a likelihood of

2

success in his interlocutory appeal, nor a risk that the arbitration would irreparably harm him. *Id.*

Plaintiff refused to begin the FINRA arbitration process by the June 23, 2025 deadline. *See* Dkt. 139 (June 23, 2025 letter from Plaintiff). The next day, the Court *sua sponte* extended that deadline to initiate arbitration to June 27, 2025, and warned Plaintiff that if he again disregarded the deadline, "the Court will order him to show cause why sanctions, including dismissal of this action with prejudice, should not be imposed for failure to comply with the Court's orders and/or failure to prosecute." Dkt. 142. On June 27, 2025, Plaintiff informed the Court in two letters, Dkts. 145, 147, that he would not initiate arbitration because he "never signed an arbitration agreement with the Defendants," and without such agreement, "there is no legal basis to proceed before FINRA." Dkt. 147. He asked the Court to "enter a final judgment so that [he] may pursue [an] appeal" of its rulings. *Id.* In response, the Court again warned Plaintiff that his continued refusal to commence arbitration would prompt the Court to order him to show cause why this case should not be dismissed with prejudice. Dkt. 148. On June 30, 2025, the parties submitted a letter stating that Plaintiff still had not initiated arbitration and that Plaintiff has "no present intention to do so." Dkt. 149 ("Joint Letter") at 1. That same day, the Court ordered Plaintiff to show cause why the case should not be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See* Order at 3. Plaintiff filed his response on July 11, 2025. Dkt. 151.

## II. Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action, on motion or *sua sponte*, when a plaintiff fails to prosecute the case or fails to comply with court orders. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see Shetiwy v. Midland Credit Mgmt.*, No. 12 Civ. 7068 (RJS), 2016 WL 4030488, at *1 (S.D.N.Y. July 25, 2016), *aff'd*, 706 F. App'x 30 (2d Cir. 2017) (summary order). Given that dismissal is a "harsh

3

remedy . . . appropriate only in extreme situations," *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), courts analyze five factors that "significantly cabin a district court's discretion under Rule 41(b)." *LeSane*, 239 F.3d at 209. They are:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) . . . the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) . . . the efficacy of lesser sanctions.

*Id.* (citation modified). "Generally, no one factor is dispositive." *Shetiwy*, 2016 WL 4030488, at *2 (quoting *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001)). *Pro se* plaintiffs are afforded "special leniency regarding procedural deficiencies," so their complaints should be dismissed "only when the circumstances are sufficiently extreme." *LeSane*, 239 F.3d at 209 (citation modified).

### III. Discussion

The factors listed above weigh in favor of dismissal. "Sister courts in this District have dismissed cases with prejudice under [Rule 41(b)] where, despite a court order, a Plaintiff failed to commence arbitration and demonstrated no intent to initiate arbitration." *Occilien v. Related Partners, Inc.*, No. 19 Civ. 7634 (KPF), 2021 WL 3727275, at *1 (S.D.N.Y. Aug. 23, 2021). That describes precisely Plaintiff's position here.

Plaintiff concedes that the Court has given him "clear warnings that failure to initiate arbitration could result in dismissal." Response at 6 (citations omitted). Indeed, the Court advised Plaintiff on June 24, June 27, and June 30, 2025, that his failure to commence arbitration by the deadline set would result in an order to show cause why the Court should not dismiss this action with prejudice. Dkts. 142, 148, 150. Plaintiff has nevertheless resisted arbitration since the Court's April 22, 2025 Order compelling arbitration. *See Hamrit*, 2025 WL 1191014, at *14. He did not

4

relent after this Court denied his motion to stay arbitration, Dkt. 131, and the Second Circuit dismissed his interlocutory appeal, Dkt. 152. When the June 23, 2025 deadline passed, the Court gave Plaintiff an additional chance to initiate arbitration by June 27. But on June 30, 2025, Plaintiff stated that he had "no present intention to do so." Joint Letter at 1. Plaintiff maintains that position today. *See* Response at 1. It now has been about seven-and-a-half months since the Court's order compelling arbitration, and about five-and-a-half months since the deadline to commence arbitration. Plaintiff's intransigence has caused more than a "brief delay" in proceedings, *id.* at 6, 9, and has lasted long enough to justify dismissal. *See Ruzsa v. Rubenstein & Sendy Att'ys at L.*, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam) (finding seven months is a "delay of significant duration"); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982) (observing that delays of "merely a matter of months" may support dismissal). The first two factors—the duration of the delay and whether the plaintiff received notice that further delay would result in dismissal—thus weigh heavily in favor of dismissal.

  The fourth and fifth factors also militate in favor of dismissal. As to the fourth factor, Plaintiff's interest in a fair chance to be heard has been satisfied to the fullest extent possible, so that interest is outweighed by the burden he imposes on the Court's docket. Plaintiff has used every available opportunity to be heard up to this point. The Court considered his arguments against arbitration when evaluating Citigroup's motion to compel arbitration on the papers, the Court conducted a bench trial at which Plaintiff testified and the parties otherwise presented evidence as to whether they entered into a valid arbitration agreement, and the Court again considered Plaintiff's arguments seeking a stay of its order compelling arbitration. And that is not all—Plaintiff would have even more chances to be heard after any arbitration. As the Court has explained for Plaintiff's benefit, commencing arbitration would not eliminate his ability to

challenge this Court's prior rulings. *See* Order at 2 n.1. He simply would need to wait until after the arbitration concludes and the Court considers any arbitral award's enforcement. *Id.* (citing *Steele v. L.F. Rothschild & Co., Inc.*, 864 F.2d 1, 3 (2d Cir. 1988)); *see also Pierno v. Fidelity Brokerage Servs., LLC*, No. 20-3711-cv, 2021 WL 5986763, at *3 (2d Cir. Dec. 16, 2021) (summary order) (noting that the plaintiff "*could* have secured his 'day in court' if he had initiated arbitration proceedings"). But Plaintiff evidently has decided not to allow the parties and the Court to reach that stage. He thus leaves the Court no option but to dismiss the action.

As to the fifth factor, no other sanction short of dismissal with prejudice would suffice given Plaintiff's plain refusal to begin arbitration. *See Dhaliwal v. Mallinckrodt PLC*, No. 18 Civ. 3146 (VSB), 2020 WL 5236942, at *2 (Sept. 2, 2020) (finding that "lesser sanctions, including monetary sanctions, would not be adequate to compel arbitration" (quoting *Shetiwy*, 2016 WL 4030488, at *3)). Plaintiff asks the Court to consider dismissing without prejudice or entering "final judgment compelling arbitration." Response at 7. Neither is a viable alternative to dismissal with prejudice. When a plaintiff in a stayed case commits, in defiance of judicial orders, to refusing to initiate arbitration, sanctions lesser than dismissal with prejudice are ineffective. *See Pierno*, 2021 WL 5986763, at *3 ("Given Pierno's refusal to begin arbitration—which he stated to the district court multiple times—it is not clear what 'efficacy' lesser sanctions would have had."). Dismissal without prejudice would be futile because, should Plaintiff refile his claim in federal court, the parties likely would find themselves right back to where they currently are. Nor is Plaintiff's other proposal—"entry of final judgment compelling arbitration"—an option. *See* Response at 7. The Second Circuit has held that under Section 3 of the FAA, 9 U.S.C. § 3, "a stay of proceedings [is] necessary after all claims have been referred to arbitration and a stay requested." *Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015); *accord Smith v. Spizzirri*,

601 U.S. 472, 478 (2024); *see* Dkt. 23 (Citigroup's memorandum of law for its motion to compel) at 10 (arguing that "the Court should stay these proceedings pending arbitration"); *see also Ligeri v. Amazon.com, Inc.*, No. 24-2337, 2025 WL 711544, at *1 (2d Cir. Feb. 13, 2025) (per curiam) (stating that a "district court's order compelling arbitration and staying the action is not a final order under 28 U.S.C. § 1291").

Finally, going back to the third factor, further delay—in addition to serving no purpose for reasons indicated above—would presumptively prejudice Citigroup. "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004) (citing *Lyell Theatre Corp.*, 682 F.2d at 43); *accord Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (Sotomayor, J.) (explaining why unreasonable delay presumptively prejudices defendants). Meanwhile, "the need to show actual prejudice is proportionately greater" where "delay is more moderate or excusable." *Drake*, 375 F.3d at 256 (citation modified). Plaintiff's delay is lengthy, unreasonable, and inexcusable, triggering a presumption of prejudice. *See id.* at 257 (explaining that when prejudice is presumed, there is "a rebuttable presumption" of prejudice). While it may seem "minimal" to Plaintiff, Response at 5-6, it has been unnecessarily long and follows a nearly two-year process to resolve Citigroup's motion to compel arbitration, which was filed on May 1, 2023, Dkt. 20. Plaintiff has made no showing to rebut this presumption of prejudice. Though the case has been stayed since April 22, 2025, he is mistaken that Citigroup has "incurred no litigation costs during this period." Response at 6. Citigroup has filed numerous letters since the case was stayed, *see* Dkts. 127, 135, 138, 140, 146, and, more generally, must dedicate resources to monitoring this litigation. Moreover, even were Plaintiff able to demonstrate that further delay would not prejudice Citigroup, that showing alone would not outweigh the other

7

four factors, which overwhelmingly weigh in favor of dismissal with prejudice.

## IV. Conclusion

Dismissal with prejudice is the only way around the impasse that Plaintiff has created. A plaintiff cannot maintain a lawsuit in perpetuity by resisting an order compelling arbitration. The Court therefore dismisses this action with prejudice. The Clerk of Court is respectfully directed to lift the stay in this case, to enter judgment for Citigroup, and to close the case.

SO ORDERED.

Dated: December 8, 2025
New York, New York

JOHN P. CRONAN
United States District Judge